## Mercedes-Benz Fin. Servs. USA LLC v Wheelchair Transp. Serv. Inc.

2025 NY Slip Op 30078(U)

January 9, 2025

Supreme Court, New York County

Docket Number: Index No. 154428/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**

*Justice*

-------------------------------------------------------------------------------X

MERCEDES-BENZ FINANCIAL SERVICES USA LLC,

Plaintiff,

- v -

WHEELCHAIR TRANSPORTATION SERVICE INC,
GEORGE GAO,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 11M |
| INDEX NO. | 154428/2024 |
| MOTION DATE | 12/04/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, plaintiff's motion is granted in part and denied in part.

Plaintiff Mercedes-Benz Financial Services USA LLC brings the present motion for summary judgment against defendants Wheelchair Transportation Service Inc. ("Corporate Defendant") and George Gao ("Individual Defendant", collectively with Corporate Defendant "Defendants"). Plaintiff alleges that the Corporate Defendant defaulted on loans taken out for two vans, with a total amount due of $58,310.65. Plaintiff also alleges that the Individual Defendant is liable as a personal guarantor for the two loans. The pro se Individual Defendant has answered, stating that he signed "certain documents" in the capacity of an officer for Corporate Defendant, but denies any "knowledge or information relating to any Personal Guarantee." The Individual Defendant also disputes the calculation of damages and the amount allegedly due.

The complaint lists four causes of action. The First and the Third causes of action are for default of a written promissory obligation regarding two vehicles, as pled against "Defendant(s)"

**154428/2024   MERCEDES-BENZ FINANCIAL SERVICES USA LLC vs. WHEELCHAIR TRANSPORTATION SERVICE INC ET AL
Motion No.  001**

**Page 1 of 4**

1 of 4

– presumably the Corporate Defendant, although in group pleading form. The Second and Fourth causes of action allege that the Individual Defendant is a personal guarantor on the two vehicle loans and therefore is personally liable. In support of their argument, Plaintiff has submitted the following documents, many of which are barely legible: a guaranty agreement between the non-party dealer and Plaintiff; an authorization to conduct a credit investigation signed by Individual Defendant; a blank, unsigned form for a commercial van credit application; a financing approval for two vans; a New York retail installment contract for the two vans; a dealer direct loan agreement with Corporate Defendant for the two vans; and a termination quotation for Corporate Defendant, listing the total balance due of $58, 310.65.

On a motion for summary judgment, the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

Here, while Plaintiff has met their burden as to the Corporate Defendant's liability for the two vans, they have failed to eliminate material issues of fact as to the Individual Defendant's liability. To begin with, a personal guaranty agreement between Plaintiff and dealer is not sufficient to establish the liability of a non-party to that agreement. All that Plaintiff has, from the documents submitted, that would tend towards showing that the Individual Defendant is

**154428/2024   MERCEDES-BENZ FINANCIAL SERVICES USA LLC vs. WHEELCHAIR TRANSPORTATION SERVICE INC ET AL**
**Motion No.  001**

**Page 2 of 4**

[* 2]

2 of 4

personally liable on the loan for the two vans is that two of the documents simply list "personal guarantor" next to the Individual Defendant's name. This is not enough to eliminate all material issues of fact as to liability. A guaranty must be read in "a manner that accords the words their fair and reasonable meaning and achieves a practical interpretation of the expressions of the parties." *NCCMI, Inc. v. Bersin Props., LLC*, 226 A.D.3d 88, 96 (1st Dept. 2024). An agreement that "speaks only of plaintiff's liabilities and obligations, contains no language of guaranty, and nowhere mentions the note" is not a valid guaranty agreement. *Weissman v. Sinorm Deli*, 88 N.Y.2d 437, 447 (1996).

Here, Plaintiff has submitted *no* purported guaranty agreement with Individual Defendant, let alone any agreement listing the relevant terms showing the reasonable expectations of the parties as to the Individual Defendant's liability. All they have submitted is two other agreements that happen to have "personal guarantor" in the signature block next to defendant Gao's name. This is patently insufficient to eliminate any triable issue of fact as to the Individual Defendant's liability. As regards damages, there are disputed issues of facts as to amounts due. For instance, Plaintiff submits an affidavit stating that they were able to repossess one of the vans and sell it auction, thus reducing the amount due for that vehicle. But the complaint clearly states that the same amount is due for both vehicles, as it separates the causes of action by VIN. Defendants argue that both vans were repossessed, and they dispute the unpaid amount Plaintiffs claim. Accordingly, it is hereby

ADJUDGED that the motion is denied as to the second and fourth causes of action; and it is further

ADJUDGED that the motion is granted with regard to liability on the first and third causes of action only; and it is further

**154428/2024   MERCEDES-BENZ FINANCIAL SERVICES USA LLC vs. WHEELCHAIR TRANSPORTATION SERVICE INC ET AL**
**Motion No.  001**

**Page 3 of 4**

[* 3]

3 of 4

ORDERED that an assessment of damages against defendant Wheelchair Transportation Service Inc. is ordered to occur at the time of trial or other such resolution of the instant matter.

20250109132953LFRANK51D9E79E6AEC4A1E98A54F08D9122A77

**1/9/2025**
**DATE**

**LYLE E. FRANK, J.S.C.**

| | | | | | |
|---|---|---|---|---|---|
| **CHECK ONE:** | ☐ CASE DISPOSED | | X NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | X GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**154428/2024   MERCEDES-BENZ FINANCIAL SERVICES USA LLC vs. WHEELCHAIR TRANSPORTATION SERVICE INC ET AL**
**Motion No.  001**

Page 4 of 4

[* 4]